RECEIVED
OCT - 5 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 99-20028-09 |
| VERSUS | JUDGE DOHERTY |
| FREDDIE FRANCIS, JR. | MAGISTRATE JUDGE HILL |

### REPORT AND RECOMMENDATION

Before the Court the "Rule 60 Motion for Relief from Judgement" filed on July 29, 2005 in proper person by Freddie Francis, Jr. [rec. doc. 479]. Petitioner is currently confined in the United States Penitentiary in Lewisburg, Pennsylvania. This matter was referred to the undersigned for Report and Recommendation.

### FACTUAL AND PROCEDURAL HISTORY

Petitioner was named in a multi-count indictment charging a conspiracy to distribute cocaine base between July, 1991 and March 1, 1999. [rec. doc. 1]. On August 30, 1999, petitioner plead guilty to count sixteen of the multi-count indictment charging him with possession with intent to distribute 17.66 grams of cocaine base in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(B). [rec. docs. 1 and 251]. Francis was sentenced on March 2, 2000 to 300 months imprisonment. Thereafter, he is to be placed on supervised release for 5 years. [rec. doc. 332; sent. tr. pg. 8].

By this motion, petitioner contends that his counsel was ineffective for failing to object to inaccuracies in the PSI regarding the amount of drugs the probation office found

were attributable to him, that the court was in error when, at sentencing, it relied on the amount of drugs petitioner admitted in his Rule 11(f) Factual Stipulation, that his sentencing based on distribution of over one kilogram of cocaine base and based on his prior convictions as a career offender denied him due process, constituted double jeopardy and was in violation of the principles set forth by the United States Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000).

This court's records reveal that Francis has filed two prior Motions to Vacate, Set Aside or Correct his sentence pursuant to 28 U.S.C. §2255.[1] [rec. doc. 391, 431, and 438].

In his first Motion, petitioner asserted the following grounds for relief: (1) that he received ineffective assistance of counsel due to counsel's failure to file a timely notice of direct appeal on his behalf[2]; and (2) that his counsel was ineffective at sentencing for failing to object to the court's determination that he was responsible for one kilogram of

---

[1]Francis also filed two motions in which he sought reduction of his sentence based upon the alleged retroactive application of U.S.S.G. Amendment 591. [rec. doc. 381 and 429]. With respect to his first such Motion, this court denied relief by Order dated February 8, 2001. [rec. doc. 383]. Petitioner's request for reconsideration was denied on March 5, 2001. [rec. doc. 385]. On November 1, 2001, the United States Fifth Circuit Court of Appeals affirmed this court's denial of petitioner's Motion. In so doing, the Fifth Circuit expressly found that petitioner was not entitled to relief under §3582 based on Amendment 591. This, the court held, was because "[t]he provisions of Amendment 591 do not lower the guidelines range applicable to Francis and do not apply to the determination of the base (or specific) offense levels within the applicable offense guideline section or to any consideration of relevant conduct." [rec. doc. 400]. Francis' second Motion for Reduction of Sentence pursuant to 18 U.S.C. §3582 was dismissed as barred by the law of the case doctrine and as repetitive. [rec. docs. 455 and 458].

Moreover, Francis filed a Motion for Reduction of his sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure. [rec. doc. 473]. That Motion was based on the government's alleged non-compliance with the requirements of 28 U.S.C. §851, which requires the government to file an information for a defendant to be sentenced to increased punishment by reason of one or more prior convictions. This court denied petitioner's Motion by Ruling dated December 20, 2004. [rec. doc. 478]. Petitioner did not appeal this court's Ruling.

[2]Due to this alleged deficiency, petitioner claimed that he was unable to assert that his sentence was in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000) because the court determined by preponderance of the evidence that he was responsible for one kilogram of crack as opposed to the 17.66 grams alleged in the indictment, that the offense was committed with the use of a firearm, and that the substance involved in the offense was crack. He also claims to have been deprived of his right to demonstrate that his plea was not knowingly or intelligently entered because he was unaware that he had waived his right to have the government prove, beyond a reasonable doubt, the type and quantity of the drugs involved in his offense.

cocaine base which raised his base offense level and that his appellate counsel was ineffective for failing to raise this issue on appeal in light of the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000). [rec. doc. 391].

Following an evidentiary hearing and Report and Recommendation by the undersigned Magistrate Judge, the Court found that as a result of petitioner's counsel's actions or inactions, petitioner had been denied his right to direct appeal. Accordingly, petitioner's judgment of conviction was reinstated on this court's docket so that petitioner could be afforded the right to file an out-of-time direct criminal appeal, and his §2255 motion was dismissed without prejudice. [rec. docs. 403, 408, 413].

Petitioner's conviction and sentence were affirmed by the United States Fifth Circuit Court of Appeals on October 30, 2002; the mandate was issued on November 21, 2002. [rec. doc. 425]. On appeal, petitioner raised two arguments based upon the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000), namely, that the district court was bound by the drug quantity alleged in the indictment and should not have used relevant conduct to increase petitioner's sentencing guideline range, and that the fact of prior convictions should not have been used to increase petitioner's sentence under the guidelines when those prior convictions were not alleged in the indictment. Both claims were denied on the merits. [rec. doc. 425]. Petitioner's request for a writ of certiorari was denied by the United States Supreme Court on January 13, 2003. [rec. doc. 426].

In his second Motion to Vacate, Set Aside or Correct his federal sentence under 28 U.S.C. §2255 Francis asserted the following claims:

> 1. Counsel ineffectively induced Movant to plea [sic] guilty to ambiguous plea agreement; 2. Counsel failed to object to sentence and request specific performance of plea agreement, breached by Respondent; 3. Counsel failed to object to sentence outside specified drug amounts stipulated in plea contract, as well as failed to object to two point enhancement for firearm 2D1.1, Counsel failed to object to sentencing enhancement for crack cocaine not stipulated Fed.R.Crim.Proc.r.32; 4. Counsel failed to adequately investigate, object, and request a hearing on validity of State prior for use in career offender sentencing in accord with 4A1.2 U.S.S.G.; 5. Ineffective assistance during appeal. [rec. doc. 431, pg. 1].

In a supplemental pleading, petitioner asserted the following grounds: (1) that his indictment was defective and that counsel was ineffective because counsel induced petitioner to plead guilty to this defective indictment; (2) that his counsel was ineffective because counsel permitted petitioner to plead guilty to an ambiguous plea agreement prior to preparation of a pre-sentence investigation report, which agreement did not mention career offender enhancement, firearm enhancement, crack as opposed to powder cocaine or an amount of drugs over that listed in the indictment or the specific count of the indictment to which petitioner plead guilty, thus permitting petitioner to be sentenced for a more serious offense than was stipulated; (3) that his counsel was ineffective because Amendment 591 of the Sentencing Guidelines should be applied retroactively to petitioner; (4) that his counsel was ineffective because counsel incorrectly advised petitioner that the substance at issue was powder rather than crack cocaine, and that his maximum sentence would be 123 months; (5) that counsel was ineffective because counsel failed to object to an alleged breach of the plea agreement, that is, that petitioner

would not be prosecuted for other offenses charged in the indictment to which petitioner did not plead guilty, and that counsel failed to demand specific performance of the plea agreement in order that petitioner be sentenced for the amount of drugs for which he plead guilty or to which he stipulated his responsibility; (6) that counsel failed to object to sentencing petitioner based on enhanced penalties applicable to crack, instead of powder cocaine, because the enhanced penalties applicable to crack were not set forth in the plea agreement as required by FRCP 32; (7) that counsel was ineffective because counsel failed to investigate whether the substance petitioner possessed was actually crack cocaine; (8) that counsel was ineffective for failing to investigate the circumstances surrounding petitioner's prior aggravated escape conviction and request a hearing on same, and for failing to object to the use of this prior conviction in determining petitioner's status as a career offender; (9) that counsel was ineffective for failing to object to petitioner's sentence which was allegedly based on the wrong statutory and guideline provisions; and (10) that appellate counsel was ineffective for failing to assert a claim of "illegal sentence" on appeal. [rec. doc. 438].

Following a Report and Recommendation by the undersigned, petitioner's second §2255 Motion was denied and dismissed with prejudice on August 29, 2004. [rec. doc. 460 and 461]. Because all claims contained in both the second original and the supplemental §2255 Motion, except petitioner's claim that he received ineffective assistance of counsel on his direct out-of time appeal, had not been raised in petitioner's first §2255 Motion, this court determined that those claims were "second or successive"

and could not be considered by this court. See *United States v. Orozco-Ramirez*, 211 F.3d 862, 866 (5th Cir. 2000). However, because petitioner had arguably previously raised his claim that counsel failed to object to sentencing based on drug amounts which were not stipulated in the plea agreement, that claim was considered and denied on the merits finding petitioner's counsel was not ineffective. [See rec. doc. 460, at pg. 20-23]. In so doing, the court relied on binding Fifth Circuit precedent, and also considered the impact, if any, the then recently decided United States Supreme Court decision in *Blakely v. Washington*, -- U.S. --, 124 S.Ct. 2431 (2004). To the extent that *Blakely* applied to the federal sentencing guidelines, the court found that petitioner's sentence was nevertheless constitutional.[3] [rec. doc. 460, pg. 28-29]. Petitioner filed no objections to the Report and Recommendation of the undersigned Magistrate Judge, and did not appeal this court's judgment adopting same and dismissing petitioner's §2255 Motion with prejudice.

Almost one year later, on July 29, 2005, Francis filed the instant motion, purportedly pursuant to FRCP 60(b).

Upon review of the entire record and for the following reasons, **IT IS RECOMMENDED** that Francis' "Rule 60 Motion for Relief from Judgement" be

---

[3]The court found as follows:
"Francis admitted in his Rule 11(f) Factual Stipulation and under oath during his plea colloquy, that between 1996 and 1999 he had distributed over one kilogram of crack cocaine. Thus, Francis' admission establishes a base offense level of 36. See USSG §2D1.1(c)(2). Moreover, as reflected in the PSI, Francis admitted that the .25 caliber automatic pistol which was recovered during his arrest belonged to him. See PSI ¶ 20 and 25. This admission supports a two level firearm enhancement. Affording petitioner the benefit of the three level decrease for acceptance of responsibility result in a total offense level of 35, the same level that was found applicable herein. Accordingly, considering petitioner's criminal history category, which is not implicated by either the *Apprendi* or *Blakely* decisions, the sentence which was imposed herein could have been imposed solely on the basis of facts admitted by Francis without judicial determination of any additional facts." (footnote omitted).

construed as a second or successive Motion to Vacate, Set Aside or Correct his sentence pursuant to 28 U.S.C. §2255 and therefore be **DISMISSED** for lack of subject matter jurisdiction, and alternatively **DENIED** and **DISMISSED** on the merits.

## LAW AND ANALYSIS

### I. Second or Successive Petition

In light of the above procedural history, as a threshold matter, this court must determine whether petitioner's Motion is properly construed as a second and successive §2255 Motion filed without proper authorization or whether this court has jurisdiction to consider petitioner's motion under Rule 60(b).

The United States Supreme Court has recently clarified the circumstances under which a motion for relief from judgment pursuant to FRCP 60(b) in habeas corpus proceedings constitutes the filing of a successive petition under AEDPA. *Gonzalez v. Crosby*, -- U.S. --, 125 S.Ct. 2641 (2005). In *Gonzalez*, the Court held that a Rule 60(b) Motion filed after disposition of a §2254 habeas corpus petition advancing one or more new "claims" (grounds for relief) or attacking the federal court's previous resolution of a "claim" on the merits, although labeled a Rule 60(b) Motion, is in substance a successive habeas petition and should therefore be treated accordingly.[4] *Id.* at 2648. The Court

---

[4] The undersigned notes that the *Gonzalez* Court expressly limited its decision to §2254 actions, applicable to state prisoners, as opposed to §2255 motions, applicable to federal prisoners. *Id.* at 2646 fn. 3. To the extent that § 2255 motions may be characterized as civil proceedings to which Rule 60(b) may apply, the undersigned considers the holding in *Gonzalez*, if not binding, certainly strong persuasive authority. Moreover, the Eleventh Circuit has held the *Gonzalez* holding and rationale applicable to § 2255. *United States v. Terrell*, 141 Fed.Appx. 849, 851 (11th Cir. 2005). The undersigned notes, however, that some courts have found that because Rule 60(b) allows only for relief from judgment in a civil case, the Rule does not permit a federal prisoner to challenge his criminal conviction or sentence. See *United States v. Bradford*, 2005 WL 1058314 (N.D.Tex. 2005) citing *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) ("Rule 60(b) does not provide for relief from judgment in a criminal

recognized that if this were not the case, such pleadings would be inconsistent with and circumvent AEDPA's requirements on the filing of habeas corpus actions. *Id.* at 2647. On the other hand, when no "claim" is presented, that is, when neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's conviction or sentence, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules, and therefore the motion may properly be considered. In other words, a procedural argument raised via Rule 60(b) is not a "claim" and hence, not a new collateral attack. See *United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005).

Here, Francis asserts grounds for relief which have previously been denied on the merits by this court in its prior §2255 motion ruling and by the United States Fifth Circuit Court of Appeals on direct out-of-time appeal, as well as new "claims" or grounds for relief from sentencing which are absent from his previous filings. This court denied petitioner's ineffective assistance of counsel claim regarding the amount of drugs attributable to him at sentencing on the merits. In so doing this court necessarily rejected petitioner's claim that this court erred in sentencing Francis based on one kilogram of cocaine base ("crack") rather than the amount alleged in the indictment (17.66 grams). This finding was based in part on this court's finding that Francis admitted, in his Rule 11(f) Factual Stipulation and under oath during his plea colloquy, that between 1996 and 1999 he had distributed over one kilogram of crack cocaine. Thus, the instant motion

---

case....").

clearly attacks the substance of this court's prior resolution of his claim on the merits, and as such is properly treated as a second or successive petition under the AEDPA. See *Gonzalez*, at 2648; *Miquel v. United States*, 2005 WL 2105964, *2 (M.D.Fla. 2005) (Rule 59 Motion); *United States v. Peguero*, 2005 WL 2314723, *1 (M.D.Pa. 2005); *Washpun v. United States*, 2005 WL 2001875, *1 (W.D.Mich 2005). Moreover, petitioner clearly seeks to relitigate his *Apprendi* based claims regarding drug quantity and use of prior convictions in sentencing, despite the fact that these claims were previously denied on the merits by the Fifth Circuit on direct out-of-time appeal. Francis seeks to have a second chance to have the merits of these claims determined favorably. However, under *Gonzalez*, despite the label given by petitioner, such requests are in substance successive habeas petitions. *Gurry v. McDaniel*, 2005 WL 2077654, *2 (9th Cir. 2005) citing *Gonzalez*, 125 S.Ct. at 2648 fn.5 and 2647. Finally, Francis' due process and double jeopardy claims are new substantive claims for relief on the merits that have not previously been presented to this court or to the Fifth Circuit. Under *Gonzalez*, the presence of these claims unquestionably render the instant motion second and successive. *Id.* at 2648; *United States v. Terrell*, 141 Fed.Appx. 849, 851 (11th Cir. 2005); *United States v. Reaux*, 2005 WL 2036922, *1 (E.D.La. 2005) citing *Gonzalez*. For these reasons, the instant motion is properly characterized as a second and successive motion for relief under §2255.

Moreover, the undersigned's conclusion is supported by Fifth Circuit authority predating *Gonzalez* holding that a Rule 60(b) motion filed after the resolution of a §2255

motion may be construed as a second or successive motion governed by the gate-keeping provisions of the AEDPA. Clearly, petitioner is requesting a second review of claims presented in his previously denied §2255 motion, claims previously presented and denied on direct appeal, and new claims for relief which should have been presented in prior proceedings. Thus, the instant motion is clearly the functional equivalent of a new or continuing collateral attack on his conviction and sentence on constitutional grounds. Accordingly, under controlling Fifth Circuit precedent, the instant motion is properly construed as a second and successive §2255 motion. *U.S. v. Rich*, 141 F.3d 550 (5th Cir. 1998). *See also Kutzner v. Cockrell*, 303 F.3d 333, 338 (5th Cir.2002) ( §2254 petition); *Hess v. Cockrell*, 281 F.3d 212, 214 (5th Cir.2002) (same); *Fierro v. Johnson*, 197 F.3d 147, 151 (5th Cir.1999) (same).

Rule 60(b) cannot be used to circumvent restraints placed on successive motions. *Rich*, 141 F.3d at 553. Before a petitioner can proceed with a second or successive motion, petitioner is required to move in the appropriate circuit court of appeals for an order authorizing the district court to consider the motion. See 28 U.S.C. §2244(b)(3)(A)[5]; *Rich*, 141 F.3d at 553  Francis has not received such authorization. Accordingly, until such time as Francis obtains this authorization, this Court is without jurisdiction to proceed. *Rich*, supra.; *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). Therefore, this court lacks subject matter jurisdiction to consider this motion and the motion must be dismissed on that basis.

---

[5]Title 28 U.S.C. § 2244(b)(3)(A) provides, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

## II. Merits

However, in the event that this court has jurisdiction to entertain the instant Motion, it is clear that relief under Rule 60(b) is unavailable to Francis. Rule 60(b) provide provides six alternative grounds for relief: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from operation of the judgment."

Generally, the burden of establishing at least one of these reasons is on the moving party. *United States v. Harrison County, Mississippi,* 463 F.2d 1328, 1330 (5th Cir.1972). The decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court. *Edwards v. City of Houston,* 78 F.3d 983, 995 (5th Cir. 1996) (en banc).

Francis recites the language of Rule 60(b), but fails to argue that any of the subsections are applicable in this case, and thus fails to explain why he should be relieved from judgment pursuant to FRCP 60(b). Rather, Francis makes a vague reference to Rule 60(b) in an attempt to gain a second (or third) review of claims previously presented to this court and the appellate court and new claims which should and could have been

presented in his prior pleadings. Thus, Francis has failed to satisfy his burden of establishing a permissible reason for relief under Rule 60(b). Accordingly, petitioner's Rule 60(b) Motion should be denied on the merits.

The undersigned also notes that on the record before this court, Francis does not qualify for relief under subsections one through five of Rule 60(b). Francis has not established mistake, inadvertence, surprise, or excusable neglect with respect to his prior post-conviction proceedings.[6] Moreover, his proposed claims are not based on newly discovered evidence which in the exercise of due diligence could not have been previously discovered. To the contrary, petitioner's claims focus on events which occurred during his March 2000 sentencing while petitioner was present in open court. There was no fraud, misrepresentation, or other misconduct by the government during these proceedings. Petitioner's judgment of conviction and sentence are not void, and this court's prior judgments with respect to petitioner's §2255 motions, as well as his prior Motions for Reduction of Sentence pursuant to 18 U.S.C. §3582 and Rule 35 motion have not been reversed or otherwise vacated, nor is it inequitable that these judgments have prospective application.

Moreover, Francis does not qualify for relief under Rule 60(b)(6). Rule 60(b)(6) operates as a catchall provision. *Hess*, 281 F.3d at 215-217. Accordingly, relief under Rule 60(b)(6) is warranted only in "exceptional circumstances." *Id.*; *Heirs of H.P.*

---

[6]Section 60(b)(1) is addressed to mistake, inadvertence, surprise or excusable neglect in connection with the habeas proceeding and not the trial at which the habeas proceeding is aimed. *Yuk Chun Kwong v. United States*, 2005 WL 2076599, *2 (E.D.N.Y. 2005) (citations omitted).

*Guerra v. United States*, 207 F.3d 763, 767 (5th Cir. 2000) (citations omitted). This case simply does not present the court with the unique circumstances warranting relief under Rule 60(b)(6). Francis had an opportunity to object to this court's prior ruling on his second §2255 Motion, but he failed to avail himself of that opportunity. Moreover, Francis failed to seek appellate review of this court's adverse decision. Rule 60(b) motions are not substitutes for timely appeals, and may not be used as a substitute for the ordinary appellate process. See *Hess*, 281 F.3d at 216. See also *Cureaux v. United States*, 124 Fed.Appx. 826, 827 (5th Cir. 2005) citing *Travelers Ins. Co. v. Liljeberg Enter., Inc.*, 38 F.3d 1404, 1408 (5th Cir. 1994). Finally, Francis was granted an opportunity to take an out-of-time appeal where he could have raised the claims asserted herein. He failed to do so. For these reasons, exceptional circumstances are not present and relief under Rule 60(b)(6) is not warranted.

Accordingly;

**IT IS RECOMMENDED** that the instant "Rule 60 Motion for Relief from Judgement" be construed as a second or successive Motion to Vacate, Set Aside or Correct his sentence pursuant to 28 U.S.C. §2255 and therefore be **DISMISSED** for lack of subject matter jurisdiction, and alternatively **DENIED** and **DISMISSED** on the merits.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy

of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers, in Lafayette, Louisiana, this the 5 day of October, 2005.

UNITED STATES MAGISTRATE JUDGE
C. MICHAEL HILL

COPY SENT:
DATE: 10-5-05
BY: alex
TO: RFD
CMH