# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE-OPELOUSAS DIVISION

| UNITED STATES OF AMERICA | CRIMINAL NO. 99-20028-09 |
|---|---|
| VERSUS | JUDGE DOHERTY |
| FREDDIE FRANCIS, JR. | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

Before the Court the "Motion for Relief from Judgment Pursuant to F.R.C.P. Rule 60(b)" filed on July 17, 2006 in proper person by Freddie Francis, Jr. [rec. doc. 488]. Petitioner is currently confined in the United States Penitentiary in Marion, Illinois. This matter was referred to the undersigned for Report and Recommendation.

This court's record reveal that Francis has repeatedly filed Motions under various Federal Statutes and Rules attaching his March 2, 2000 sentencing on the same grounds asserted in the instant Motion, all of which have been denied and dismissed by this court. Rather than appealing those decisions, Francis merely waits until after the appellate delays have run and then asserts his claims anew in this court. For the reasons set forth in the undersigned's prior Reports and Recommendations addressing petitioner's claims for relief, and for the reasons summarized below, the undersigned **RECOMMENDS** that the instant "Motion for Relief from Judgment Pursuant to F.R.C.P. Rule 60(b)" be construed as a second or successive Motion to Vacate, Set Aside or Correct his sentence pursuant to 28 U.S.C. § 2255 and therefore be **DISMISSED** for lack of subject matter jurisdiction, and alternatively, **DENIED** and **DISMISSED** on the merits.

**FACTUAL AND PROCEDURAL HISTORY**

Petitioner was named in a multi-count indictment charging a conspiracy to distribute cocaine base between July, 1991 and March 1, 1999. [rec. doc. 1]. On August 30, 1999, petitioner plead guilty to count sixteen of the multi-count indictment charging him with possession with intent to distribute 17.66 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). [rec. docs. 1 and 251]. Francis was sentenced on March 2, 2000 to 300 months imprisonment. Thereafter, he is to be placed on supervised release for 5 years. [rec. doc. 332; sent. tr. pg. 8].

By this Motion, Francis contends that this court has "repeatedly" and "negligently" found that petitioner acknowledged in his written Rule 11(f) Factual Stipulation that he had distributed over a kilogram of crack cocaine between 1996 and 1999, and that this court "negligently and falsely held" that petitioner had an automatic pistol which petitioner admitted was his, both of which increased petitioner's sentencing range under the Guidelines, and that his counsel was ineffective at sentencing for failing to correct these alleged errors. Petitioner further asserts that neither the court nor his former counsel would provide him with the record documents and transcripts needed to discover this alleged negligence to mount a post-conviction challenge. Despite the fact that petitioner's most recent Rule 60(b) Motion was construed as a second and successive § 2255 motion, petitioner asserts that under "recent case law" (a 2004 decision from the Ninth Circuit and a 1998 decision from the Fifth Circuit), the instant pleading may not be construed as a second and successive § 2255 motion and accordingly is not subject to the requirement that permission be obtained from the Fifth Circuit court prior to filing same.

This court's records reveal that Francis has filed two prior Motions to Vacate, Set Aside or Correct his sentence pursuant to 28 U.S.C. §2255.[1] [rec. doc. 391, 431, and 438].

In his first Motion, petitioner asserted the following grounds for relief: (1) that he received ineffective assistance of counsel due to counsel's failure to file a timely notice of direct appeal on his behalf[2]; and (2) that his counsel was ineffective at sentencing for failing to object to the court's determination that he was responsible for one kilogram of cocaine base which raised his base offense level and that his appellate counsel was ineffective for failing to raise this issue on appeal in light of the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000). [rec. doc. 391].

Following an evidentiary hearing and Report and Recommendation by the undersigned Magistrate Judge, the Court found that as a result of petitioner's counsel's

---

[1] Francis also filed two motions in which he sought reduction of his sentence based upon the alleged retroactive application of U.S.S.G. Amendment 591. [rec. doc. 381 and 429]. With respect to his first such Motion, this court denied relief by Order dated February 8, 2001. [rec. doc. 383]. Petitioner's request for reconsideration was denied on March 5, 2001. [rec. doc. 385]. On November 1, 2001, the United States Fifth Circuit Court of Appeals affirmed this court's denial of petitioner's Motion. In so doing, the Fifth Circuit expressly found that petitioner was not entitled to relief under § 3582 based on Amendment 591. This, the court held, was because "[t]he provisions of Amendment 591 do not lower the guidelines range applicable to Francis and do not apply to the determination of the base (or specific) offense levels within the applicable offense guideline section or to any consideration of relevant conduct." [rec. doc. 400]. Francis' second Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582 was dismissed as barred by the law of the case doctrine and as repetitive. [rec. docs. 455 and 458].

Moreover, Francis filed a Motion for Reduction of his sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure. [rec. doc. 473]. That Motion was based on the government's alleged non-compliance with the requirements of 28 U.S.C. § 851, which requires the government to file an information for a defendant to be sentenced to increased punishment by reason of one or more prior convictions. This court denied petitioner's Motion by Ruling dated December 20, 2004. [rec. doc. 478]. Petitioner did not appeal this court's Ruling.

[2] Due to this alleged deficiency, petitioner claimed that he was unable to assert that his sentence was in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000) because the court determined by preponderance of the evidence that he was responsible for one kilogram of crack as opposed to the 17.66 grams alleged in the indictment, that the offense was committed with the use of a firearm, and that the substance involved in the offense was crack. He also claims to have been deprived of his right to demonstrate that his plea was not knowingly or intelligently entered because he was unaware that he had waived his right to have the government prove, beyond a reasonable doubt, the type and quantity of the drugs involved in his offense.

actions or inactions, petitioner had been denied his right to direct appeal. Accordingly, petitioner's judgment of conviction was reinstated on this court's docket so that petitioner could be afforded the right to file an out-of-time direct criminal appeal, and his § 2255 motion was dismissed without prejudice. [rec. docs. 403, 408, 413].

Petitioner's conviction and sentence were affirmed by the United States Fifth Circuit Court of Appeals on October 30, 2002; the mandate was issued on November 21, 2002. [rec. doc. 425]. On appeal, petitioner raised two arguments based upon the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000), namely, that the district court was bound by the drug quantity alleged in the indictment and should not have used relevant conduct to increase petitioner's sentencing guideline range, and that the fact of prior convictions should not have been used to increase petitioner's sentence under the guidelines when those prior convictions were not alleged in the indictment. Both claims were denied on the merits. [rec. doc. 425]. Petitioner's request for a writ of certiorari was denied by the United States Supreme Court on January 13, 2003. [rec. doc. 426].

In his second Motion to Vacate, Set Aside or Correct his federal sentence under 28 U.S.C. § 2255 Francis asserted in relevant part, that "Counsel failed to object to sentence outside specified drug amounts stipulated in plea contract, as well as failed to object to two point enhancement for firearm 2D1.1" and that he received "Ineffective assistance during appeal."[3] [rec. doc. 431, pg. 1].

---

[3] The following claims were alleged:
 1. Counsel ineffectively induced Movant to plea [sic] guilty to ambiguous plea agreement; 2. Counsel failed to object to sentence and request specific performance of plea agreement, breached by Respondent; 3. Counsel failed to object to sentence outside specified drug amounts stipulated in plea contract, as

In a supplemental pleading, petitioner asserted numerous claims of ineffective assistance of counsel primarily based on counsel's performance at the time of his plea and sentencing because petitioner was sentenced on the basis of "an ambiguous plea agreement" prior to preparation of a pre-sentence investigation report, without mention of any career offender enhancement, firearm enhancement, crack as opposed to powder cocaine or an amount of drugs over that listed in the indictment or the specific count of the indictment to which petitioner plead guilty, thus permitting petitioner to be sentenced for "a more serious offense than was stipulated" and "based on the wrong statutory and guideline provisions", as well as a claim that appellate counsel was ineffective for failing to assert a claim of "illegal sentence" on appeal.[4] Notably, in his supplemental filing,

---

well as failed to object to two point enhancement for firearm 2D1.1, Counsel failed to object to sentencing enhancement for crack cocaine not stipulated Fed.R.Crim.Proc.R.32; 4. Counsel failed to adequately investigate, object, and request a hearing on validity of State prior for use in career offender sentencing in accord with 4A1.2 U.S.S.G.; 5. Ineffective assistance during appeal. [rec. doc. 431, pg. 1].

[4]The following grounds were asserted: (1) that his indictment was defective and that counsel was ineffective because counsel induced petitioner to plead guilty to this defective indictment; (2) that his counsel was ineffective because counsel permitted petitioner to plead guilty to an ambiguous plea agreement prior to preparation of a pre-sentence investigation report, which agreement did not mention career offender enhancement, firearm enhancement, crack as opposed to powder cocaine or an amount of drugs over that listed in the indictment or the specific count of the indictment to which petitioner plead guilty, thus permitting petitioner to be sentenced for a more serious offense than was stipulated; (3) that his counsel was ineffective because Amendment 591 of the Sentencing Guidelines should be applied retroactively to petitioner; (4) that his counsel was ineffective because counsel incorrectly advised petitioner that the substance at issue was powder rather than crack cocaine, and that his maximum sentence would be 123 months; (5) that counsel was ineffective because counsel failed to object to an alleged breach of the plea agreement, that is, that petitioner would not be prosecuted for other offenses charged in the indictment to which petitioner did not plead guilty, and that counsel failed to demand specific performance of the plea agreement in order that petitioner be sentenced for the amount of drugs for which he plead guilty or to which he stipulated his responsibility; (6) that counsel failed to object to sentencing petitioner based on enhanced penalties applicable to crack, instead of powder cocaine, because the enhanced penalties applicable to crack were not set forth in the plea agreement as required by FRCP 32; (7) that counsel was ineffective because counsel failed to investigate whether the substance petitioner possessed was actually crack cocaine; (8) that counsel was ineffective for failing to investigate the circumstances surrounding petitioner's prior aggravated escape conviction and request a hearing on same, and for failing to object to the use of this prior conviction in determining petitioner's status as a career offender; (9) that counsel was ineffective for failing to object to petitioner's sentence which was allegedly based on the wrong statutory and guideline provisions; and (10) that appellate counsel was ineffective for failing to assert a claim of

petitioner expressly argued that he had not signed the Rule 11 Factual Stipulation, attaching an affidavit to that effect to his pleading. [rec. doc. 438].

On August 2, 2004, the undersigned issued a Report and Recommendation, recommending that petitioner's second §2255 Motion be denied and dismissed with prejudice. In that Report and Recommendation, the undersigned rejected petitioner's claim that he received ineffective assistance of counsel at sentencing and on direct appeal, specifically finding that petitioner's claims were without merit because the court properly computed petitioner's total offense level based on (1) petitioner's stipulation in his signed Rule 11(f) Factual Stipulation that between 1996 and 1999 he had distributed over one kilogram of crack cocaine, (2) petitioner's admission while under oath during his plea colloquy that between 1996 and 1999 he had distributed over one kilogram of crack cocaine; and (3) petitioner's admission reflected in paragraphs 20 and 25 in his PSI that a .25 caliber automatic pistol which was recovered during his arrest belonged to him. These same findings formed the basis for rejection of any argument that the then recently decided United States Supreme Court decision in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531 (2004) rendered petitioner's sentencing under the Guidelines unconstitutional.[5] [rec. doc. 460]. Although petitioner was given an opportunity to object

---

"illegal sentence" on appeal.

[5]The court found as follows:
"Francis admitted in his Rule 11(f) Factual Stipulation and under oath during his plea colloquy, that between 1996 and 1999 he had distributed over one kilogram of crack cocaine. Thus, Francis' admission establishes a base offense level of 36. See USSG §2D1.1(c)(2). Moreover, as reflected in the PSI, Francis admitted that the .25 caliber automatic pistol which was recovered during his arrest belonged to him. See PSI ¶ 20 and 25. This admission supports a two level firearm enhancement. Affording petitioner the benefit of the three level decrease for acceptance of responsibility result in a total offense level of 35, the same level that was found applicable

to the findings in the Report and Recommendation, petitioner filed no objections. On August 29, 2004, Court adopted the undersigned's findings and accordingly, denied and dismissed petitioner's § 2255 motion with prejudice. [rec. doc. 461]. Petitioner did not appeal this court's judgment denying and dismissing his § 2255 Motion with prejudice.

Almost one year later, on July 29, 2005, Francis filed a motion, purportedly pursuant to FRCP 60(b). [rec. doc. 479]. In that Motion, petitioner asserted that his counsel was ineffective for failing to object to inaccuracies in the PSI regarding the amount of drugs the probation office found were attributable to him, that the court was in error when, at sentencing, it relied on the amount of drugs petitioner admitted in his Rule 11(f) Factual Stipulation, and that his sentencing based on distribution of over one kilogram of cocaine base and based on his prior convictions as a career offender denied him due process, constituted double jeopardy and was in violation of the principles set forth by the United States Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000). Following a Report and Recommendation by the undersigned, on November 17, 2005, petitioner's Motion was construed as a second or successive Motion to Vacate, Set Aside or Correct his sentence pursuant to 28 U.S.C. §2255 and was therefore dismissed for lack of subject matter jurisdiction.[6] [rec. docs. 480 and 483]. Francis did not appeal this court's adverse Ruling, nor did he seek authorization from the

---

herein. Accordingly, considering petitioner's criminal history category, which is not implicated by either the *Apprendi* or *Blakely* decisions, the sentence which was imposed herein could have been imposed solely on the basis of facts admitted by Francis without judicial determination of any additional facts." (footnote omitted).

[6]The undersigned recommended dismissal on the basis of this court's lack of subject matter jurisdiction and alternatively recommended dismissal on the merits. The court, however, dismissed the Motion solely on the basis of the lack of subject matter jurisdiction. [rec. doc. 483].

Fifth Circuit to present his claims to this court in a second or successive § 2255 motion. Rather, on July 17, 2006, Francis filed the instant Motion purportedly pursuant to Rule 60(b).

## LAW AND ANALYSIS

### I. Second or Successive Petition

In light of the above procedural history, it is clear that the instant Motion is properly construed as a second and successive § 2255 Motion filed without proper authorization. Hence, this court lacks subject matter jurisdiction to consider same.

Petitioner relies on Ninth and Fifth Circuit case law which pre-dates the United States Supreme Court's most recent pronouncement on the subject, and which is contrary to controlling Fifth Circuit precedent. Accordingly, his citation to these cases is inapposite. As this court previously advised petitioner when denying his last post-conviction motion, the United States Supreme Court has set forth the circumstances under which a motion for relief from judgment pursuant to FRCP 60(b) in *habeas corpus* proceedings constitutes the filing of a successive petition under AEDPA. *Gonzalez v. Crosby,* -- U.S. --, 125 S.Ct. 2641 (2005). In *Gonzalez*, the Court held that a Rule 60(b) Motion filed after disposition of a §2254 *habeas corpus* petition advancing one or more new "claims" (grounds for relief) or attacking the federal court's previous resolution of a "claim" on the merits, although labeled a Rule 60(b) Motion, is in substance a successive

habeas petition and should therefore be treated accordingly.[7] *Id.* at 2648. Thus, when a petitioner challenges the merits of a court's denial of a previous § 2255 motion rather than challenging the failure of a court to reach and address the motion, motion is construed as successive § 2255 motion that requires pre-certification from the appropriate appellate court. *Mosley v. United States*, 389 F.Supp.2d 751, 752 (W.D.Tex. 2005).

In light of the above procedural history, it is clear that by this Motion, Francis is attempting to attack the substance of this court's prior resolution of his claims in previous § 2255 motion rulings. *See Gonzalez*, at 2648; *Mosley*, 389 F.Supp.2d at 752; *United States v. Bounds,* 2006 WL 2087761, *1 (W.D.La. 2006); *Miquel v. United States*, 2005 WL 2105964, *2 (M.D.Fla. 2005) (Rule 59 Motion); *United States v. Peguero*, 2005 WL 2314723, *1 (M.D.Pa. 2005); *Washpun v. United States*, 2005 WL 2001875, *1 (W.D.Mich 2005). Petitioner repeats the same substantive arguments made in his prior § 2255 motion ; and clearly seeks to re-litigate his claims directed at the computation of his total offense level based on drug quantity attributable to him and enhancement for

---

[7]The Court recognized that if this were not the case, such pleadings would be inconsistent with and circumvent AEDPA's requirements on the filing of *habeas corpus* actions. *Id*. at 2647. On the other hand, when no "claim" is presented, that is, when neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's conviction or sentence, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules, and therefore the motion may properly be considered. In other words, a procedural argument raised via Rule 60(b) is not a "claim" and hence, not a new collateral attack. See *United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005).

The undersigned notes that the *Gonzalez* Court expressly limited its decision to §2254 actions, applicable to state prisoners, as opposed to §2255 motions, applicable to federal prisoners. *Id.* at 2646 fn. 3. However, this court and other courts within the Fifth Circuit and other circuit courts have held that the *Gonzalez* holding and rationale are applicable to § 2255 Motions. *United States v. Allen*, 2006 WL 373488, *2 at fn. 5 (W.D.La. 2006) citing *United States v. Scott,* 414 F.3d 815 (7th Cir. 2005) and *United States v. Terrell*, 141 Fed.Appx. 849, 851 (11th Cir. 2005); *United States v. Blount*, 2006 WL 162981, *2 at fn. 2 (W.D.La. 2006); *Mosley v. United States*, 389 F.Supp.2d 751, 752 (W.D.Tex. 2005); *United States v. Risby,* 2006 WL 1814152, *2 (N.D.Tex. 2006); *United States v. Cornett,* 2006 WL 213901, *1 (S.D.Tex. 2006); *United States v. Krout,* 2006 WL 696943, *3 (S.D.Tex. 2006); and *United States v. Reaux,* 2005 WL 2036922, *1 (E.D.La. 2005).

possession of a firearm, despite the fact that these claims have been expressly rejected in prior rulings of this court. Francis seeks to have a second (or perhaps a third) chance to have the merits of these claims determined favorably. However, under *Gonzalez*, despite the label given by petitioner, such requests are in substance successive *habeas* petitions. *Gurry v. McDaniel*, 2005 WL 2077654, *2 (9th Cir. 2005) citing *Gonzalez*, 125 S.Ct. at 2648 fn.5 and 2647. Petitioner asserts no procedural defect in this court's prior resolution of his claims such as a misapplication of the statute of limitation, but rather directly attacks the substance of this court's findings with respect to his claims on the merits. As such, the instant Motion is properly treated as a second or successive petition under the AEDPA. *See Bounds, supra*. Finally, to the extent that petitioner's present claims may be construed as new substantive claims for relief on the merits that have not previously been presented to this court or to the Fifth Circuit, under *Gonzalez*, the presence of these claims unquestionably render the instant motion second and successive. *Id.* at 2648; *United States v. Terrell*, 141 Fed.Appx. 849, 851 (11th Cir. 2005); *United States v. Reaux*, 2005 WL 2036922, *1 (E.D.La. 2005) citing *Gonzalez*; *United States v. Cornett*, 2006 WL 213901, *1 (S.D.Tex. 2006). For these reasons, the instant motion is properly characterized as a second and successive motion for relief under §2255.

Moreover, the undersigned's conclusion is supported by Fifth Circuit authority predating *Gonzalez* holding that a Rule 60(b) motion filed after the resolution of a §2255 motion may be construed as a second or successive motion governed by the gate-keeping provisions of the AEDPA. *U.S. v. Rich*, 141 F.3d 550 (5th Cir. 1998). *Rich* has not been altered by *Gonzalez*. *United States v. Allen*, 2006 WL 373488, *2 (W.D.La. 2006);

*United States v. Blount*, 2006 WL 162981, *2 (W.D.La. 2006). Clearly, petitioner is requesting a second (or third) review of claims presented in his previously denied §2255 motion, and arguably new claims for relief which should have been presented in prior proceedings. Thus, the instant motion is clearly the functional equivalent of a new or continuing collateral attack on his conviction and sentence on constitutional grounds. Accordingly, under controlling Fifth Circuit precedent, the instant motion is properly construed as a second and successive §2255 motion. *U.S. v. Rich*, 141 F.3d 550 (5th Cir. 1998). *See also Kutzner v. Cockrell,* 303 F.3d 333, 338 (5th Cir.2002) ( §2254 petition); *Hess v. Cockrell,* 281 F.3d 212, 214 (5th Cir.2002) (same); *Fierro v. Johnson,* 197 F.3d 147, 151 (5th Cir.1999) (same).

Rule 60(b) cannot be used to circumvent restraints placed on successive motions. *Rich*, 141 F.3d at 553; *Allen* and *Blount*, *supra.* Before a petitioner can proceed with a second or successive motion, petitioner is required to move in the appropriate circuit court of appeals for an order authorizing the district court to consider the motion. See 28 U.S.C. §2244(b)(3)(A)[8]; *Rich*, 141 F.3d at 553; *Allen* and *Blount*, *supra.* Francis has not received such authorization. Accordingly, until such time as Francis obtains this authorization, this Court is without jurisdiction to proceed. *Rich*, *Allen* and *Blount*, *supra*. *See also United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). Therefore, this court lacks subject matter jurisdiction to consider this motion and the motion must be dismissed on that basis.

---

[8]Title 28 U.S.C. § 2244(b)(3)(A) provides, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

## II. Merits

However, in the event that this court has jurisdiction to entertain the instant Motion, it is clear that relief under Rule 60(b) is unavailable to Francis. Rule 60(b) provide provides six alternative grounds for relief: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from operation of the judgment."

Generally, the burden of establishing at least one of these reasons is on the moving party. *United States v. Harrison County, Mississippi,* 463 F.2d 1328, 1330 (5th Cir.1972). The decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court. *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc).

Francis cites Rule 60(b), but fails to argue that any of the subsections are applicable in this case, and thus fails to explain why he should be relieved from judgment pursuant to FRCP 60(b). Rather, Francis makes a vague reference to Rule 60(b) in an attempt to gain a second (or third) review of claims previously presented to this court and the appellate court and arguably new claims which should and could have been presented

in his prior pleadings. Thus, Francis has failed to satisfy his burden of establishing a permissible reason for relief under Rule 60(b). Accordingly, petitioner's Rule 60(b) Motion should be denied on the merits.

The undersigned also notes that on the record before this court, Francis does not qualify for relief under subsections one through five of Rule 60(b).[9] Francis has not established mistake, inadvertence, surprise, or excusable neglect with respect to his prior post-conviction proceedings.[10] As outlined above, this court has made no mistake in its interpretation of its records. Moreover, Francis' proposed claims are not based on newly discovered evidence which in the exercise of due diligence could not have been previously discovered. To the contrary, petitioner's claims focus on events which occurred during his March 2000 sentencing while petitioner was present in open court. Petitioner has been aware of the fact that this court's records reveal that he indeed signed the Rule 11 Factual Stipulation, that he admitted in open court the amount of drugs attributable to him, and that the PSI indicates that petitioner admitted the gun found during his arrest was his since this court's 2004 ruling on petitioner's § 2255 motion. However, rather than properly challenging those findings by objection or by appeal, petitioner filed additional challenges in this court based in large part on those findings purportedly under Rules 35 and 60(b), and ultimately waited nearly two years before

---

[9]Moreover, any argument under subsections one, two and three cannot be considered because more than one year has elapsed since this court's ruling on petitioner's prior § 2255 motion and sentencing. *See* F.R.C.P. 60(b); *Bounds*, 2006 WL 2087761 at *1.

[10]Section 60(b)(1) is addressed to mistake, inadvertence, surprise or excusable neglect in connection with the habeas proceeding and not the trial at which the habeas proceeding is aimed. *Yuk Chun Kwong v. United States*, 2005 WL 2076599, *2 (E.D.N.Y. 2005) (citations omitted).

filing the instant motion. Moreover, there was no fraud, misrepresentation, or other misconduct by the government during these proceedings. Petitioner's judgment of conviction and sentence are not void, and this court's prior judgments with respect to petitioner's §2255 motions, as well as his prior Motions for Reduction of Sentence pursuant to 18 U.S.C. §3582 and Rule 35 motion have not been reversed or otherwise vacated, nor is it inequitable that these judgments have prospective application.

Moreover, Francis does not qualify for relief under Rule 60(b)(6). Rule 60(b)(6) operates as a catchall provision. *Hess*, 281 F.3d at 215-217. Accordingly, relief under Rule 60(b)(6) is warranted only in "exceptional circumstances." *Id.*; *Heirs of H.P. Guerra v. United States*, 207 F.3d 763, 767 (5th Cir. 2000) (citations omitted). This case simply does not present the court with the unique circumstances warranting relief under Rule 60(b)(6). Francis had an opportunity to object to this court's prior ruling on his second §2255 Motion, but he failed to avail himself of that opportunity. Moreover, Francis failed to seek appellate review of this court's adverse decision. Rule 60(b) motions are not substitutes for timely appeals, and may not be used as a substitute for the ordinary appellate process. *See Hess,* 281 F.3d at 216. *See also Cureaux v. United States,* 124 Fed.Appx. 826, 827 (5th Cir. 2005) citing *Travelers Ins. Co. v. Liljeberg Enter., Inc.,* 38 F.3d 1404, 1408 (5th Cir. 1994); *Guyton v. United States*, 453 F.3d 425, 427 (7th Cir. 2006) (finding that a petitioner "may not collaterally attack the decision denying his § 2255 motion through a subsequent motion; his only avenue for relief was a direct appeal."). Finally, Francis was granted an opportunity to take an out-of-time appeal

where he could have raised the claims asserted herein. He failed to do so. For these reasons, exceptional circumstances are not present and relief under Rule 60(b)(6) is not warranted.

### III. Sanctions

In light of the numerous repetitive, duplicative and legally baseless pleadings filed by Francis in this court attempting to circumvent the statutory restrictions on filing second or successive § 2255 motions, the undersigned finds it appropriate to warn petitioner that federal courts may impose sanctions necessary or warranted to control its docket, maintain the orderly administration of justice and protect against abuse of the judicial system and its resources. *See Cureaux,* 124 Fed.Appx. at 827; *Goldgar v. Office of Administration,* 26 F.3d 32, 36 n.3 (5th Cir. 1994); *Mendoza v. Lynaugh,* 989 F.2d 191 (5th Cir. 1993); *Moody v. Miller,* 864 F.2d 1178, 1179 n.2 (5th Cir. 1989). If petitioner continues such filings, it will be proper for this court to sanction petitioner. The sanction to be imposed could include a requirement that petitioner obtain judicial pre-approval for all future *pro se* filings challenging his August 30, 1999 conviction or March 2, 2000 sentencing, monetary sanctions, summary dismissal of his pleadings, or other appropriate sanctions. *Id.*

For the reasons set forth above;

**IT IS RECOMMENDED** that the instant "Motion for Relief from Judgment Pursuant to F.R.C.P. Rule 60(b)" be construed as a second or successive Motion to Vacate, Set Aside or Correct his sentence pursuant to 28 U.S.C. §2255 and therefore be

**DISMISSED** for lack of subject matter jurisdiction, and alternatively **DENIED** and **DISMISSED** on the merits.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in chambers, in Lafayette, Louisiana, August 10, 2006.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE