RECEIVED
SEP - 1 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 99-20028-09 |
| VERSUS | JUDGE DOHERTY |
| FREDDIE FRANCIS, JR. | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

Before the court is the Motion for Leave to File an Out-of-Time Appeal filed by Freddie Francis, Jr. on August 17, 2006. [rec. doc. 492]. By this Motion, Francis seeks an out-of-time appeal of this court's August 29, 2004 Judgment denying his § 2255 Motion. The denial was signed by Judge Doherty on August 29, 2004 and entered on this court's criminal docket by the Clerk of this Court on September 7, 2004. [*See* rec. doc. 461]. Francis alleges that he filed a timely notice of appeal on September 4, 2004, but that thereafter, the United States Fifth Circuit Court of Appeal informed Francis that his appeal had been "lost." Francis provides no support for this allegation.[1] Moreover, this court's docket sheet reveals that Francis <u>did not</u> file any Notice of Appeal in connection with the denial of his § 2255 Motion. To the contrary, Francis filed a Rule 35 Motion, and two Rule 60(b) Motions. [rec. doc. 478, 479 and 488]. The instant Motion, filed on

---

[1] Francis claims that after learning that his allegedly timely appeal had been "lost", he filed another appeal on August 29, 2005. That appeal was also allegedly "lost" by the circuit court. With respect to this alleged second filing, Francis provides an envelope from the Fifth Circuit postmarked October 13, 2005 and a postal certified mail receipt dated October 26, 2005 addressed to the Postmaster in Lewisburg, Pennsylvania. None of these documents demonstrate that a timely appeal was filed in the first instance in either this or the appellate court. To the contrary, as noted above, this court's records belie any such allegation.

August 17, 2006, is Francis' first filing in this court requesting an appeal of this court's August 29, 2004 denial of his § 2255 Motion.

## LAW AND ANALYSIS

Federal Rule of Appellate Procedure 4(b)(1)(A)(i) requires that a Notice of Appeal in a criminal case must be filed "in the district court within 10 days" after the entry of the judgment being appealed. 4(b)(1)(A)(i) (emphasis added). FRAP 4(b)(6) provides that a judgment is entered for purposes of Rule 4(b) when it is entered on the criminal docket.

In this case, the judgment from which petitioner seeks to appeal was entered on this court's criminal docket on September 7, 2004. [rec. doc. 461]. Thus, the last day for filing a timely notice of appeal from that judgement was September 17, 2004.

FRAP 4(b)(4)[2] provides an additional thirty day window within which a district court may grant an out-of-time appeal upon a showing of "excusable neglect" or "good cause." In accordance with FRAP 4(b)(4) the last day this court could have granted petitioner an out-of-time appeal upon a showing of "excusable neglect" or "good cause" was August 17, 2004. This court's records reveal that no Notice of Appeal was filed in this court until August 17, 2006, two years after the last date that this court could have granted petitioner an out-of-time appeal. Therefore, this court is without authority to extend the appeal period. *United States v. Awalt,* 728 F.2d 704, 705 (5th Cir. 1984); *See*

---

[2]FRAP 4(b)(4) provides that the district court may extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by Rule 4(b), that is, 40 days from entry of the judgement on the criminal docket of the district court.

2

also *United States v. Lujan*, 117 Fed.Appx. 375, 375-376 (5th Cir. 2005) citing *Awalt;* *United States v. Francis*, 253 F.3d 703 (5th Cir. 2001) citing *Awalt*. Accordingly;

The undersigned recommends that the Motion for Leave to File an Out-of-Time Appeal filed by Freddie Francis, Jr. on August 17, 2006 [rec. doc. 492] be **DENIED**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED in Chambers at Lafayette, Louisiana, this** 31 day of August, 2006.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

COPY SENT:
DATE: 9-1-06
BY:
TO: RFD
CMH

3