# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 99-20028-09** |
| **VERSUS** | **JUDGE DOHERTY** |
| **FREDDIE FRANCIS, JR.** | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

Before the court is the "Motion to Dismiss Indictment Under Rule 12(b)(2)"[1] filed by Freddie Francis, Jr. on October 10, 2006. [rec. doc. 502]. By this Motion, Francis seeks to dismiss his March 11, 1999 federal indictment on grounds that the indictment fails to charge a federal offense necessary to invoke this court's jurisdiction.

Contrary to petitioner's allegations, petitioner was named in a multi-count indictment charging numerous violations of federal statutes, including conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, six counts of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841 (a) (1), and one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841 (a) (1). [rec. doc. 1]. On August 30, 1999, petitioner plead guilty to count sixteen of the multi-count indictment charging him with possession with intent to distribute 17.66 grams of cocaine base in violation of 21 U.S.C. §§ 841 (a) (1) and (b) (1) (B). [rec. docs. 1 and 251].

---

[1] The current statute is F.R.Cr.P. Rule 12 (b )(3) (B) which provides that "at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense."

Francis was sentenced on March 2, 2000 to 300 months imprisonment. After his release, he is to be placed on supervised release for five years. [rec. doc. 332; sent. tr. pg. 8].

Francis' conviction and sentence were affirmed by the United States Fifth Circuit Court of Appeal on direct out-of-time appeal on October 30, 2002, and *certiorari* was denied by the United States Supreme Court on January 13, 2003. [rec. docs. 425 and 426]. Francis has repeatedly filed Motions under various Federal Statutes and Rules attacking his conviction and sentence, including a Rule 35 Motion, two Rule 60 (b) Motions, and two prior Motions to Vacate, Set Aside or Correct his sentence pursuant to 28 U.S.C. § 2255, all of which have been unsuccessful.[2] [rec. docs. 473, 479, 488, 391, 431, and 438]. Francis has been warned that his continued filing of repetitive, duplicative and legally baseless pleadings would result in the imposition of appropriate sanctions. [rec. docs. 490 and 501].

For the reasons summarized below, it is the **RECOMMENDATION** of the undersigned the instant "Motion to Dismiss Indictment Under Rule 12 (b) (2)" be construed as a second or successive Motion to Vacate, Set Aside or Correct Francis' sentence pursuant to 28 U.S.C. § 2255 and therefore be **DISMISSED** for lack of subject matter jurisdiction, and alternatively, **DENIED** and **DISMISSED** as unauthorized and untimely. It is the further **RECOMMENDATION** of the undersigned that Francis be **SANCTIONED** for filing repetitive, duplicative and legally baseless pleadings in this

---

[2]Francis also filed two motions pursuant to 18 U.S.C. §3582 in which he sought reduction of his sentence based upon the alleged retroactive application of U.S.S.G. Amendment 591. [rec. doc. 381 and 429].

2

court, and, accordingly, that Francis be required to pay a $100.00 filing fee for any additional pleadings he wishes to present to this court challenging his August 30, 1999 conviction or March 2, 2000 sentencing, with instructions to the Clerk to immediately return all such pleadings to Francis prior to docketing if unaccompanied by the $ 100.00 filing fee.

## LAW AND ANALYSIS

In light of the above procedural history, as a threshold matter, this court must determine whether petitioner's Motion is properly construed as a second and successive § 2255 Motion filed without proper authorization or whether this court has jurisdiction to consider petitioner's motion under Rule 12 (b) of the Federal Rules of Criminal Procedure. The Fifth Circuit and numerous other federal courts have held that Rule 12 (b) post-conviction motions to dismiss a federal indictment are properly construed as § 2255 motions. *United States v. Lawson*, 83 Fed. Appx. 619 (5th Cir. 2003); *United States v. Clarke,* 150 Fed.Appx. 969 970 (11th Cir. 2005); *United States v. Enigwe*, 212 F.Supp.2d420, 427-428 (E.D.Pa. 2002); *United States v. Watson*, 2001 WL 34085158, *1 (D.S.C. 2001); *United States v. Patton*, 309 F.3d 1093 (8th Cir. 2002); *Donaldson v. United States,* 2003 WL 22959502, *3 (N.D.N.Y. 2003); *United States v. Miller*, 197 F.d3 644, 648 (3rd Cir. 1999); *United States v. Trapp*, 2001 WL 34366627, *1 (E.D.Va. 2001); *See also Montalvo v. United States*, 951 F.2d 361, fn.1 (9th Cir. 1991). Accordingly, the instant Motion is properly construed as a § 2255 motion.[3] Thus, because Francis has

---

[3] There is no need to notify petitioner of this court's reclassification of his pleadings because such notification is not required where the motion in question would be a successive § 2255 motion. *See Castro v. United States*, 540

3

neither requested nor obtained the required certification from the United States Fifth Circuit Court of Appeals to file a successive § 2255 motion, this Court is without jurisdiction to proceed. *Lawson*, 83 Fed.Appx. at 619 *1 citing *United States v. Rich*, 141 F.3d 550, 553 (5th Cir. 1998); 28 U.S.C. § 2244 (b) (3) (A).[4] Rule 12 (b) cannot be used to circumvent restraints placed on successive motions. *See Patton, Clarke, Donaldson, supra*.

Moreover, even if this court had jurisdiction to consider petitioner's motion under Rule 12 (b) of the Federal Rules of Criminal Procedure, the motion is unauthorized and untimely filed. *Lawson*, 83 Fed.Appx. at 619 *1. Rule 12 (b) (3) (B) allows this court to hear claims that an indictment fails to invoke the court's jurisdiction or to state an offense "at any time while the case is pending ...." The criminal proceedings against petitioner, however, are no longer pending. To the contrary, petitioner's conviction and sentence became final years ago when affirmed by the Fifth Circuit and review in the United States Supreme Court was denied. *See Lawson, Clarke, Enigwe, Trapp, supra*.; *United States v. Wolfe*, 241 F.3d 1955, 1056-1057 (8th Cir. 2001); *United States v. Valadez-Camarena*, 402 F.3d 1259, 1261 (10th Cir. 2005); *Rice v. United States,* 132 F.Supp.2d 162, 163 (S.D.N.Y. 2001).

Finally, in light of the numerous repetitive, duplicative and legally baseless pleadings filed by Francis in this court attempting to challenge his August 30, 1999

---

U.S. 375, 383 (2003).

[4]Title 28 U.S.C. § 2244 (b) (3) (A) provides, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

conviction or March 2, 2000 sentencing, and this court's prior warnings to refrain from filing further baseless challenges, the undersigned finds it appropriate to sanction petitioner.

Federal courts may impose sanctions necessary or warranted to control its docket, maintain the orderly administration of justice and protect against abuse of the judicial system and its resources. *See Cureaux v. United States,* 124 Fed.Appx. 826, 827 (5th Cir. 2005); *Goldgar v. Office of Administration,* 26 F.3d 32, 36 n.3 (5th Cir. 1994); *Mendoza v. Lynaugh,* 989 F.2d 191 (5th Cir. 1993); *Moody v. Miller,* 864 F.2d 1178, 1179 n.2 (5th Cir. 1989). Considering petitioner's flagrant abuse of the judicial system and its resources, the undersigned **recommends** that a sanction be imposed to require that petitioner pay a $100.00 filing fee at the time he seeks to present any pleading to this court challenging his August 30, 1999 conviction or March 2, 2000 sentencing, with instructions to the Clerk to immediately return all such pleadings to Francis prior to docketing if unaccompanied by the $100.00 filing fee.

**Under the provisions of 28 U.S.C. Section 636 (b) (1) (C) and Rule 72 (b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the district judge at the time of filing.**

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6 (b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by**
the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Lafayette, Louisiana, October 26, 2006.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE